IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
OCT 23 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

AUSTIN LEE HOWARD,

    Petitioner,

v.                                       CRIMINAL ACTION NO. 2:18cr16

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Austin Lee Howard's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion"), the Government's Response to Petitioner's Motion, Petitioner's Reply in Opposition, and Petitioner's Motion to Amend the § 2255 Motion. ECF Nos. 76, 81, 82, and 83. For the reasons set forth below, Petitioner's Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner was named in a four-count indictment returned by a Grand Jury in the Eastern District of Virginia, Norfolk Division, on February 7, 2018. ECF No. 1. Counts One and Three charged Petitioner with Bank Robbery, in violation of 18 U.S.C. § 2113(a) and 2, on or about October 4, 2017, and October 13, 2017, respectively. *Id.* Counts Two and Four charged Petitioner with Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) and 2, on or about October 4, 2017, and October 13, 2017, respectively. *Id.* On February 23, 2018, the Petitioner pled not guilty to all charges. ECF No. 9. A jury trial commenced on April 19, 2018. ECF No. 46. At trial, the Government presented evidence in support of all four charges, including testimony from Petitioner's alleged co-conspirator, Marquis Buckley. *Id.* Based upon this

1

evidence, on April 20, 2018 the jury found Petitioner guilty of Counts Three and Four. *Id.* He was found not guilty of Counts One and Two. *Id.*

On July 24, 2018, Petitioner was sentenced to 60 months imprisonment for Count Three and 120 months imprisonment for Count Four, to be served consecutively for a total period of 180 months incarceration. ECF Nos. 56 and 58. Petitioner was also sentenced to a five-year period of supervised release. *Id.*

Petitioner subsequently appealed his conviction based upon the following: (1) whether the district court erred in denying Petitioner's motion to continue the trial based on the unavailability of a defense witness, (2) whether the evidence was sufficient to convict Petitioner of Counts 3 and 4, (3) whether Petitioner's sentence was reasonable, (4) whether the Government committed prosecutorial misconduct, (5) whether the district court demonstrated bias by interfering with his trial, and (6) whether the district court did not properly instruct the jury. ECF No. 72. On August 14, 2019, the United States Court of Appeals for the Fourth Circuit (the "Fourth Circuit") affirmed Petitioner's conviction. *Id.*

On June 22, 2020, Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. ECF No. 76. The Court subsequently ordered the appropriate responses. ECF No. 78. The Government filed its Response in Opposition along with the required *Rosboro* Notice on September 1, 2020. ECF No. 81. On September 4, 2020, Petitioner filed a Motion to Amend the § 2255 Motion. ECF No. 82. Petitioner also filed a Reply to the Government's Response on September 17, 2020. ECF No. 83. The Government did not file any response to Petitioner's Motion to Amend. Accordingly, Petitioner's § 2255 Motion and the Motion to Amend are ripe for disposition.

## II. LEGAL STANDARDS

**A. Section 2255**

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a 2255 Motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999). However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or

her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

**B. Crime of Violence Under 18 U.S.C. § 924(c)(1)**

Section 924(c)(1)(A) provides that a person who uses or carries a firearm "during and in relation to any crime of violence" or who "possesses a firearm" "in furtherance of any such crime" may be convicted of both the underlying crime (here, bank robbery) *and* the additional, distinct crime of utilizing a firearm in connection with a "crime of violence." Utilizing a firearm in connection with a crime of violence is punishable by at least five consecutive years of imprisonment, with seven years of imprisonment for brandishing the firearm and ten years of imprisonment if the firearm is discharged. 18 U.S.C. § 924(c)(1)(A).

Section 924(c)(3) defines "crime of violence" as "an offense that is a felony" and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Courts commonly refer to § 924(c)(3)(A) as the "force clause" and to § 924(c)(3)(B) as the "residual clause."

The "residual clause" of § 924(c)(3)(B) has been held unconstitutionally vague by the U.S. Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019).[1] Therefore, sentences for the distinct firearm offenses found in § 924(c)(1)(A) may only be applied through the "force clause," which allows for an enhanced term of consecutive imprisonment if the underlying offense has as an element that contains the use, attempted use, or threatened use of physical force.

---

[1] *See also Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (holding a similar residual clause defining crimes of violence in 18 U.S.C. § 16(b) to be unconstitutionally vague), *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding another residual clause defining crimes of violence in 18 U.S.C. § 924(e)(2)(B) to be unconstitutionally vague).

4

The Fourth Circuit has confronted the question of whether a robbery under the Hobbs Act may serve as a predicate offense for the additional firearm offense found in the "force clause" of 18 U.S.C. § 924(c)(3)(A) in *United States v. Mathis*, No. 16-4633 (4th Cir. 2019). In *Mathis*, the Fourth Circuit held that robbery pursuant to 18 U.S.C. § 1951(a) cannot be accomplished without an element that includes the use, attempted use, or threatened use of physical force against the person or property of another. Therefore, at least in the context of the Hobbs Act, robbery qualifies as a predicate offense for the additional firearm offense in § 924(c)(1)(A) because its elements satisfy the "force clause" found in § 924(c)(3)(A).

### III. DISCUSSION

As a preliminary matter, the Court notes that Petitioner filed the § 2255 Motion on June 22, 2020 and subsequently filed a Motion to Amend the § 2255 Motion on September 3, 2020. The Motion to Amend was filed after the Government filed its Response in Opposition to the original Motion on September 1, 2020. The Government declined to respond to Petitioner's Motion to Amend. Upon review, the Court finds that Petitioner makes additional arguments in the Motion to Amend which were not considered in Petitioners original § 2255 Motion. The Court will liberally construe Petitioner's Motion to Amend as a supplemental argument[2] to Petitioner's orginial § 2255 Motion and address the arguments set forth in each filing. For the following reasons, Petitioner's contentions are without merit.

First addressing the Motion to Amend, Petitioner contends that the District Court erred by failing to instruct the jury to require proof that Petitioner knew, in advance, that Petitioner's co-conspirator would be armed during the alleged offense. Petitioner, however, already raised similar issues on appeal. *See* ECF No. 72. The Fourth Circuit evaluated Petitioner's claims and concluded

---

[2] The Motion to Amend is granted as a supplemental pleading.

that "sufficient evidence demonstrated that Howard knew that Buckley would be using a gun to rob the bank." *Id.* at 5. The Court further held that "[a] rational juror could infer that Howard knew that Buckley would use the gun in the second bank robbery based on the similar patterns in the two bank robberies." *Id.* Accordingly, Petitioner improperly seeks to collaterally attack his conviction and the Fourth Circuit's denial of Petitioner's appeal. See *Dyess*, 730 F.3d at 360.

Turning to the original § 2255 Motion, Petitioner relies on the Supreme Court's holding in *United States v. Davis*[3] in support of two arguments: (1) that the underlying offense of conviction (Count III) should have referred to a "conspiracy to commit bank robbery" instead of "bank robbery," ECF No. 77 at 10, and (2) that Petitioner's conviction on Count IV must be vacated because his underlying offense of "conspiracy to commit bank robbery" is not a crime of violence, *id.* at 8.

Regarding Petitioner's first argument, Petitioner alleges that the indictment charged him with 18 U.S.C. § 2113(a) which, according to Petitioner, comports with "conspiracy to commit bank robbery" instead of "bank robbery." *Id.* Petitioner argues that a conspiracy to commit a bank robbery is not a crime of violence pursuant to *United States v. Davis*. Here, Petitioner again attempts to collaterally attack his offense of conviction. A jury of Petitioner's peers did not assess that Petitioner was involved in a *conspiracy* to commit a bank robbery, but instead concluded that Petitioner *aided and abetted* a bank robbery pursuant to 18 U.S.C. § 2. As the Fourth Circuit already concluded, "[a]mple evidence established that Howard aided and abetted the robbery of the second bank." ECF No. 72 at 4. In so doing, the Fourth Circuit affirmed Petitioner's conviction, including the accuracy of the jury instructions pertaining to aiding and abetting under 18 U.S.C. § 2. *Id.* at 3.

---

[3] 139 S. Ct. 2319 (2019).

Petitioner next argues that his underlying offense of conviction is not a crime of violence under 18 U.S.C. § 924(c)(1)(A). The force clause defines a crime of violence as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); *see supra* II.B. Therefore, if the underlying offense requires the use, attempted use, or threatened use of physical force, it is an offense of violence based on its elements. In the instant case, Petitioner's underlying conviction is for bank robbery under the Federal Bank Robbery Act, 18 U.S.C. § 2113. Title 18 U.S.C. § 2113(a) applies to "[w]hoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank...." Accordingly, the elements of bank robbery under 18 U.S.C. § 2113 cannot be satisfied without threatened force, violence, or fear of injury.[4] Petitioner's underlying offense of conviction is therefore a crime of violence under 18 U.S.C. § 924(c)(1)(A).

In short, Petitioner's claim fails because his underlying offense of conviction is not a conspiracy to commit bank robbery but rather aiding and abetting a bank robbery. Additionally, Petitioner's underlying offense constitutes a crime of violence based upon the use, attempted use, or threatened use of physical force evident in the elements for 18 U.S.C. § 2113. Therefore, the additional conviction for discharging a firearm under 18 U.S.C. § 924(c)(1)(A) was properly applied and Petitioner's claim is without merit.

---

[4] Relatedly, the Fourth Circuit also held that robbery under the Hobbs Act contains elements that cannot be satisfied without threatened force, violence, or fear of injury. *See United States v. Mathis*, No. 16-4633 (4th Cir. 2019).

## IV. CONCLUSION

For the reasons above, Petitioner's § 2253 Motion and the Motion to Amend are both **DENIED**.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether... the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims are based upon incorrect interpretations of statutory provisions and judicial precedent. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
October 23, 2020

Raymond A. Jackson
United States District Judge

8